## Callahan v. Plotts (No. 2)

*Andrew D. Regule,* for plaintiffs,

*W. Allen Dill,* for defendants,

*George H. Rowley,* for additional defendant,

STRANAHAN, P. J., November 3, 1971.—This court has before it a preliminary objection in the nature of a motion to strike an amended answer filed by defendants which raises new matter concerning a release allegedly given by the parent plaintiffs releasing their claim for injuries to their child.

The pleadings in this case are extensive. It does appear from the record that defendant, Plotts, filed a pleading on April 20, 1970, which he labeled "New Matter—Complaint to Join Additional Defendant." This pleading brought the additional defendant, Patrick J. Callahan, into the case.

The other defendant, Harriet Pascarella, filed an answer on or about March 31, 1970. On May 13, 1971, defendants, Plotts and Pascarella, filed a petition asking the court for leave to file an amended answer setting forth a release given by Patrick J. Callahan and Mary Alice Callahan dated September 11, 1967. On May 12, 1971, the court signed an order authorizing the filing of an answer pleading the release.

Plaintiffs now move to strike the new matter alleging the release for the reason that it was not previously pled, and that the court improperly is now permitting the release to be raised as a defense in the case. In support of their contention, plaintiffs point out that the accident happened some two and one half years ago, and that the passage of time should bar defendants from now raising the question of a release, and that the court should rule as a matter of law that this defense has been waived.

Pennsylvania Rule of Civil Procedure 1033 deals with amendments and provides that the court may at any time permit a party to amend his pleadings, and such amendment may aver transactions or occurrences that have happened either before or after the filing of the original pleading, even though they give rise to a new cause of action or defense.

The purpose of Pa. R. C. P. 1033 is obvious in that it is an effort to liberalize the rights of amendment in order to facilitate the trial of a case on its merits. The rule permits the court to use its discretion in allowing amendments of this type, and, therefore, the question involved here is whether or not this court has abused its discretion.

We cannot see how any of the parties have been prejudiced by the court permitting the amendment. There is still ample time to place the case on the trial list again, and if it is necessary that the court make a preliminary ruling as to the validity of the release, this also can be done in ample time to permit the parties to have this matter litigated during the February 1972, term of court.

We realize that the failure to plead the release is an indication of sloppy pleading, but we do not see where any purpose would be accomplished by denying defendants the right to have the court rule on this aspect

of their defense. We, therefore, refuse the preliminary objection in the nature of a motion to strike the new matter alleging the release.

## ORDER

And now, November 3, 1971, the preliminary objection in the nature of a motion to strike the new matter alleging a release is refused.